**VICK LAW GROUP, APC**
Scott Vick (SBN 171944)
301 N. Lake Avenue, Suite 1000
Pasadena, California 91101
Telephone: (213) 784-6225
Email: Scott@vicklawgroup.com

**HILL, KERTSCHER & WHARTON, LLP**
Steven G. Hill (*Pro Hac Vice to be filed*)
Martha L. Decker (*Pro Hac Vice to be filed*)
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, Georgia  30339
Telephone: (770) 953-0995
Facsimile   (770) 953-1358
Email:  SGH@hkw-law.com
Email:  MD@hkw-law.com

Attorneys for Defendant and Counterclaimant
JB IMPORTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KISS CATALOG, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>JB IMPORTS, LLC and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. 2:21-cv-05240-CBM-PVC<br><br>**DEFENDANT JB IMPORTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant JB Imports, LLC ("JB"), by and through undersigned counsel, states the following as its Answer, Affirmative Defenses and Counterclaims to KISS Catalog, Ltd.'s ("KISS") First Amended Complaint, dated July 22, 2021.

## I.   INTRODUCTION

1.    JB admits that the Complaint purports to allege trade infringement, false designation of origin and unfair competition and other claims.  JB lacks sufficient knowledge to admit or deny whether KISS is the "owner or the trademarks and other intellectual property of the iconic recording group KISS", and therefore denies the same. JB denies all remaining allegations of Paragraph 1, and specifically denies that it has committed any of the acts alleged in the First Amended Complaint and that the license agreement between the parties expired on December 31, 2019.

## II.   PARTIES

2.    JB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3.    JB admits the allegations of Paragraph 3.

4.    JB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.  Further answering, JB denies that it was involved in, participated in and/or profited from any alleged infringing activity.

## III.   JURISDICTION AND VENUE

5.    JB admits the allegations of Paragraph 5.

6.    JB admits the allegations of Paragraph 6.

## IV.   THE KISS TRADEMARKS

7.    JB admits that, upon information and belief, KISS is one of the better known rock bands of all times and that KISS sells both sound recordings and videos bearing the name KISS to promote the band's concert appearances. JB

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7.

8.      JB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 8.

9.      JB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 9.

10.      JB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 10.

11.      JB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 11.

12.      Answering Paragraph 12 of the First Amended Complaint, JB admits that a copy purporting to be a KISS trademark registered July 13, 2021 is attached to the First Amended Complaint as Exhibit 1.  Further answering, JB states that the Exhibit 1 speaks for itself, and that JB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 12 or the statements contained within the registration certificate.

## V.      FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.      Answering Paragraph 13, JB admits that on September 16, 2016, KISS and JB entered into a License Agreement ("Agreement") in which the defined "Licensed IP" was licensed by KISS to JB for the purposes of JB producing, manufacturing, marketing, distributing and selling the defined "Licensed Product." JB further admits that a true and correct copy of the Agreement is attached as Exhibit 2 to the First Amended Complaint.  JB denies the remaining allegations of Paragraph 13.

14.      Answering Paragraph 14, JB responds that the terms of Section 11.01 of the parties' License Agreement speak for themselves, and JB denies any interpretation of Section 11.01 inconsistent with such terms.

15.     Answering Paragraph 15, JB responds that the terms of Section 15.09 of the parties' License Agreement speak for themselves, and JB denies any interpretation of Section 15.09 inconsistent with such terms.

16.     JB denies the allegations of Paragraph 16.

17.     Answering Paragraph 17, JB admits that attached to the Complaint as Exhibit 3 is a letter from EpicRights dated February 18, 2021.  JB further admits that KISS' counsel sent a letter on May 26, 2021, the contents of which speak for themselves. JB denies the remaining allegations of Paragraph 17.

**VI.   CLAIMS FOR RELIEF**

**First Claim for Relief for Trademark Infringement**

**in Violation of 15 U.S.C. §1114**

18.     JB repeats and realleges its responses to Paragraphs 1-17 of the First Amended Complaint.

19.     JB denies the allegations of Paragraph 19.

20.     JB denies the allegations of Paragraph 20.

21.     JB denies the allegations of Paragraph 21.

22.     JB denies the allegations of Paragraph 22.

23.     JB denies the allegations of Paragraph 23.

24.     JB denies the allegations of Paragraph 24.

**Second Claim for Relief for False Designation of Origin/Unfair**

**Competition in Violation of 15 U.S.C. §1125**

25.     JB repeats and realleges its responses to Paragraphs 1-24 of the First Amended Complaint.

26.     JB denies the allegations of Paragraph 26.

27.     JB denies the allegations of Paragraph 27.

////

////

### Third Claim for Relief for Trademark Dilution

### Pursuant to 15 U.S.C. §1125(c)

28.   JB repeats and realleges its responses to Paragraphs 1-27 of the First Amended Complaint.

29.   JB denies the allegations of Paragraph 29.

30.   JB denies the allegations of Paragraph 30.

### Fourth Claim for Relief for Common Law Trademark Infringement

31.   JB repeats and realleges its responses to Paragraphs 1-30 of the First Amended Complaint.

32.   JB denies the allegations of Paragraph 32.

33.   JB denies the allegations of Paragraph 33.

### Fifth Claim for Unfair Competition (Calif. B&P Code §17200 et seq.)

34.   JB repeats and realleges its responses to Paragraphs 1-33 of the First Amended Complaint.

35.   JB denies the allegations of Paragraph 35.

36.   JB denies the allegations of Paragraph 36.

### Sixth Claim for Breach of Written Contract

37.   JB repeats and realleges its responses to Paragraphs 1-36 of the First Amended Complaint.

38.   JB denies the allegations of Paragraph 38.

39.   JB denies the allegations of Paragraph 39.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

JB denies that KISS is entitled to any of the requested relief. KISS is not entitled to recover damages, disgorgement of profits, attorney's fees, costs, or any other recovery from JB, nor is KISS entitled to the injunctive relief sought in the First Amended Complaint. KISS' prayer for relief should, therefore, be denied in its entirety and with prejudice, and KISS should take nothing.

4

## **AFFIRMATIVE DEFENSES**

Without assuming any burden it would not otherwise bear, JB asserts the following defenses. Nothing in these defenses is intended to or shall be construed as an argument or admission that JB bears the burden of proof as to any matter raised in any of its defenses. JB reserves the right to assert additional defenses and to amend its Answer to the First Amended Complaint as additional information becomes known through the course of discovery.

### **FIRST AFFIRMATIVE DEFENSE**

KISS' claims are precluded in whole or in part to the extent that any accused product or acts are located or performed outside the United States.

### **SECOND AFFIRMATIVE DEFENSE**

KISS' claims are barred in whole or in part by the equitable doctrines of estoppel, acquiescence, and/or laches, including but not limited to JB's reasonable reliance on KISS' statements, including statements by its authorized agents, regarding an extension of the License Agreement and sell-off period.

### **THIRD AFFIRMATIVE DEFENSE**

KISS' claims fail as a matter of law in view of KISS' own material breach or breaches of the License Agreement at issue in this action.

### **FOURTH AFFIRMATIVE DEFENSE**

KISS is not entitled to injunctive relief because any injury is not immediate and/or irreparable, and because KISS has adequate remedies at law.

### **FIFTH AFFIRMATIVE DEFENSE**

KISS' claims are barred as a result of KISS' abandonment of the Licensed IP.

### **SIXTH AFFIRMATIVE DEFENSE**

KISS' claims are barred, in whole or in part, as a result of KISS' failure of consideration with respect to the License Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

KISS' claims are barred as a result of the invalidity of any claimed trademark rights in the KISS trade name and/or trademark due to its naked licensing of said name and/or trademark.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

JB presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses. JB reserves the right to assert additional affirmative defenses in the event discovery reveals that additional affirmative defenses are available.

## COUNTERCLAIMS

Without waiver of any of its rights, JB Imports, LLC ("JB"), by and through its undersigned counsel, and by way of counterclaims against KISS Catalog, Ltd. ("KISS"), alleges:

### Parties

1.     Counterclaim Plaintiff JB Imports, LLC is a Georgia corporation with its principal place of business in Marietta, Georgia.

2.     Counterclaim Defendant Kiss Catalog, Ltd. ("KISS") purports to be a New Jersey corporation with principal places of business in Pine Brook, New Jersey and Los Angeles, California.

### Jurisdiction and Venue

3.     These counterclaims arise under Section 39 of the Lanham Act, 15 U.S.C. § 1121, the Declaratory Judgment Acts, 28 U.S.C. §§ 2201-2202, as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332, and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1367, and/or 2201-2202.  This Court has subject matter jurisdiction over JB's common law claim for rescission pursuant to 28 U.S.C. § 1367.

4.     Venue is proper under 28 U.S.C. § 1391, for the reasons set forth in KISS' Complaint.

6

1      5.      This Court has general and specific personal jurisdiction over KISS

2  because, among other reasons, KISS filed its Complaint in this Judicial District,

3  subjecting itself to the jurisdiction of this Court.

4                   **First Counterclaim for Declaratory Relief (Trademark Invalidity)**

5      6.      JB incorporates by reference the statements and allegations set forth

6  in Paragraph 1-5 of the Counterclaims in their entirety as if set forth herein.

7      7.      There exists an actual controversy relating to the rights and duties of

8  the respective parties in this matter: specifically, whether the intellectual property

9  licensed by KISS to JB in the License Agreement (defined in the License

10 Agreement as the "Licensed IP") is invalid for naked licensing.

11     8.      On September 16, 2016, KISS and JB entered into a License

12 Agreement ("License Agreement") in which certain intellectual property, defined

13 in the License Agreement as the "Licensed IP," was licensed by KISS to JB for

14 the term of the License Agreement, for the purposes of JB producing,

15 manufacturing, marketing, distributing and selling wine. A true and correct copy

16 of the License Agreement is attached to the First Amended Complaint (Dkt. 10-1)

17 as Exhibit 2.

18     9.      "Licensed IP" is defined in the License Agreement at page 2 as "the

19 following Intellectual Property related to Artist, which is owned by Licensor or to

20 which Licensor holds the necessary rights to grant the licenses set forth herein:

21 only those Licensor-approved name(s), symbols, logos (including KISS face paint

22 images), marks, and images of Artist as set forth on Exhibit B." *Id.*, at Ex. 2, p. 2

23 (emphasis added).

24     10.     Exhibit B to the License Agreement lists the intellectual property

25 licensed to JB during the term of the License Agreement as:

26             1.      The phrase ("KISS SHOUT IT OUT CHARDONNAY" AS

27                     FILED WITH THE USPTO (Serial No. 86179583):

28

2.     The KISS ARMY logo (form and content) as filed with
and allowed by the USPTO (Serial No. 86846561);

3.     The phrase "HEAVEN'S FIRE" as filed with and
allowed by the USPTO (Serial No. 86776296);

4.     The phrase "LICK IT UP" as filed with and allowed by
the USPTO (Serial No. 86758686); and

5.     Such other images, including the KISS Logo and
facepaint/makeup designs of KISS band members, as
provided by Licensor from time to time in its sole
discretion.

*Id.*, at Ex. 2, p.29 (Exhibit B).

11.   Without notifying JB, KISS abandoned the KISS SHOUT IT OUT
CHARDONNAY, KISS ARMY, HEAVEN'S FIRE and LICK IT UP trademark
applications during the term of the License Agreement.

12.   The KISS SHOUT IT OUT CHARDONNAY Mark for wine, Serial
No. 86179583, was allowed on March 10, 2015.  *See* Ex. 1 (USPTO Status for
Serial No. 86179583, as of August 21, 2021).

13.   Such application was abandoned on April 16, 2018. Per the USPTO,
the KISS SHOUT IT OUT CHARDONNAY Mark was "Abandoned because no
Statement of Use or Extension Request timely filed after Notice of Allowance
was issued." *Id.*

14.   The KISS ARMY Mark for distilled spirits and wine, Serial No.
86846561, was allowed on June 21, 2016.  *See* Ex. 2 (USPTO Status for Serial
No. 86846561, as of August 21, 2021).

15.   Without notifying JB, KISS abandoned this application on July 22,
2019. Per the USPTO, the KISS ARMY Mark was "Abandoned because no
Statement of Use or Extension Request timely filed after Notice of Allowance
was issued." *Id.*

8

16.    The HEAVEN'S FIRE Mark for wine, Serial No. 86776296, was allowed on June 7, 2016. *See* Ex. 3 (USPTO Status for Serial No. 86776296, as of August 21, 2021).

17.    KISS abandoned this application on July 8, 2019. Per the USPTO, the HEAVEN'S FIRE Mark was "Abandoned because no Statement of Use or Extension Request timely filed after Notice of Allowance was issued." *Id.*

18.    The LICK IT UP Mark for wine, Serial No. 86758686, was allowed on May 10, 2016.  *See* Ex. 4 (USPTO Status for Serial No. 86758686, as of August 21, 2021).

19.    KISS abandoned this application on June 10, 2019. Per the USPTO, the LICK IT UP Mark was "Abandoned because no Statement of Use or Extension Request timely filed after Notice of Allowance was issued."  *Id.*

20.    KISS never provided JB with any other license to any other IP during the term of the License Agreement.

21.    KISS applied with the United States Patent and Trademark Office for a trademark registration for "KISS" in a stylized font on or about December 13, 2013, Application Serial No. 86-984,604 (the "'604 Application"), for "wine" in International Class No. 33.

22.    At the time of the License Agreement, the '604 Application was not included in the Licensed IP.  Moreover, at no time during the term of the License Agreement did KISS provide JB with a license to any rights relating to the mark claimed in the '604 Application.

23.    At all times during the term of the License Agreement and applicable sell-off period, KISS was aware of and acquiesced without objection to JB's use of the mark described in the '604 Application on wine.  Despite this knowledge, KISS never sought to amend the License Agreement to include the mark described in the '604 Application.

24.   KISS' acquiescence to JB's unlicensed use of the mark described in the '604 Application from 2018-2020 constitutes naked licensing, and a forfeiture of its rights in the mark secured by the '604 Application, which ultimately appears to have registered on July 13, 2021, as Reg. No. 6,420,053 (the "'053 Registration").

25.   KISS' abandonment of the Licensed IP applications during the term of the License Agreement constituted an abandonment of the Licensed IP under the License Agreement, and the Court should therefore declare that KISS lacks any rights in the Licensed IP, including any rights to assert any cause of action associated with the Licensed IP against JB.

26.   Furthermore, JB seeks a judgment declaring that by its sustained naked licensing as described above, KISS forfeited any rights in the mark described in the '604 Application, now the '053 Registration, including any rights to assert any cause of action associated with the '053 Registration against JB.

### Second Counterclaim for Rescission for Material Failure of Consideration

27.   JB incorporate by reference the statements and allegations set forth in Paragraph 1-26 of the Counterclaims in their entirety as if set forth herein.

28.   Pursuant to Section 2.01 of the License Agreement, KISS granted to JB during the Term a royalty-bearing right and license to use the Licensed IP.

29.   In the License Agreement, KISS expressly represented that it "owned" the defined Licensed IP, or "holds the necessary rights to grant the licenses" to the defined Licensed IP.  Dkt. 10-1, at Ex. 2, at p.2 (definition of "Licensed IP").

30.   Elsewhere in the License Agreement, KISS represents that it "owns, exclusively, all right, title and interest in and to the Licensed IP, free and clear of Encumbrances, or otherwise has all rights and licenses necessary to license the

Licensed IP to [JB] under this Agreement." *Id.*, at Ex. 2, at 14 (§ 6.04 ("Intellectual Property").

31.    Pursuant to the parties' License Agreement, and in reliance on the Licensed IP as defined therein, JB paid KISS a total of $150,000 as <u>advanced</u> royalty pre-payments. *See id.*, at Ex. 2, at §§ 4.02 (calling for $35,000 in advance against royalties), 4.03 (calling for $115,000 in guaranteed payments).

32.    As alleged in Paragraphs 11-19, incorporated herein by reference, during the term of the License Agreement, without notifying JB, KISS abandoned the Licensed IP subject to the License Agreement.

33.    KISS' abandonment of the Licensed IP during the term of the License Agreement constituted a material failure of consideration on the part of KISS as the "Licensor" to the License Agreement which goes to the essence of the License Agreement.

34.    Furthermore, during the term of the Agreement, KISS substantially delayed acting to approve various labels under consideration for wine, which materially contributed to JB's financial losses under the terms of the License Agreement, because these delays impeded JB's ability to have a royalty-bearing product to sell  during a substantial period of the License Agreement.  The situation was compounded by the Covid-19 pandemic in 2020, during which time, taking its own prior delays into consideration, KISS through its authorized agent indicated to JB that it would extend the term of the License Agreement in order to give JB a chance to recoup its investment, only to later reverse course and deny JB that opportunity.

35.    Given the lack of value to the Licensed IP, KISS's own delays and its subsequent unwillingness to exercise fair dealing and good faith in its relationship with JB, pursuant to Cal. Civ. Code § 1689(b)(2), JB is entitled to rescind the License Agreement, for a material failure of consideration.

36.   As part of said rescission, JB is entitled to a refund of the royalty pre-payments paid to KISS, including without limitation the $150,000 paid to KISS pursuant to the License Agreement, minus royalties owed for the *de minimis* amounts of royalty-bearing wine sold by JB.

37.   As a result of the conduct alleged herein, JB is entitled to a judgment from this Court declaring that the License Agreement is rescinded, and ordering KISS to return to JB the royalties that it prepaid to KISS in good faith, but never recouped as a result of the material failure of consideration described herein.

WHEREFORE, JB respectfully requests that the Court:

a.  Enter judgment in favor of JB dismissing with prejudice all claims in the First Amended Complaint;

b.  Declare that KISS has no rights in the Licensed IP;

c.  Declare the KISS mark described in the '053 Registration invalid;

d.  Declare the License Agreement is rescinded;

e.  Order KISS to return to JB the $150,000 pre-paid to KISS as royalties on sales that were never realized by JB pursuant;

////
////
////
////
////
////
////
////
////
////
////
////

1        f.  Grant JB such other and further relief as may be proper and just.

2   Dated: August 24, 2021       Respectfully submitted,

3                              **VICK LAW GROUP, APC**

4

5                    By:   */s/ Scott Vick*

6                           SCOTT VICK (SBN 171944)
                              301 N. Lake Avenue, Suite 1000

7                           Pasadena, California 91101

8                           Telephone: (213) 784-6225
                            Email:  Scott@vicklawgroup.com

9

10                        **HILL, KERTSCHER & WHARTON, LLP**

11                       Steven G. Hill (*Pro Hac Vice to be filed*)

12                       Martha L. Decker (*Pro Hac Vice to be filed*)
                       3625 Cumberland Blvd., SE, Suite 1050

13                       Atlanta, Georgia 30339

14                       Telephone: (770) 953-0995
                       Facsimile:  (770) 953-1358

15                       Email:  SGH@hkw-law.com
                       Email:  MD@hkw-law.com

16

17                       Attorneys for Defendant and Counterclaimant

18                       JB IMPORTS, LLC

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

Defendant and Counterclaimant JB Imports, LLC demands trial by jury on all issues that are triable by jury.

Dated: August 24, 2021          Respectfully submitted,

                                **VICK LAW GROUP, APC**


                          By:   */s/ Scott Vick*
                                SCOTT VICK (SBN 171944)
                                301 N. Lake Avenue, Suite 1000
                                Pasadena, California 91101
                                Telephone: (213) 784-6225
                                Email:  Scott@vicklawgroup.com


                                **HILL, KERTSCHER & WHARTON, LLP**
                                Steven G. Hill (*Pro Hac Vice to be filed*)
                                Martha L. Decker (*Pro Hac Vice to be filed*)
                                3625 Cumberland Blvd., SE, Suite 1050
                                Atlanta, Georgia 30339
                                Telephone: (770) 953-0995
                                Facsimile:  (770) 953-1358
                                Email:  SGH@hkw-law.com
                                Email:  MD@hkw-law.com

                                Attorneys for Defendant and Counterclaimant
                                JB IMPORTS, LLC